FILED
United States Court of Appeals
Tenth Circuit

January 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENNIS RUSSELL HOOPER,

     Plaintiff - Appellant,

v.

YAMPA VALLEY MEDICAL CENTER;
LAILA WILBER POWERS, M.D.,

     Defendants - Appellees.

No. 19-1220
(D.C. No. 1:18-CV-01863-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Dennis Hooper, proceeding pro se, appeals from the district court's grant of

summary judgment to the defendants in his medical malpractice action. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Mr. Hooper is a citizen and resident of Oregon who is paraplegic. While

visiting Steamboat Springs, Colorado, on February 8, 2016, he presented to the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

emergency room at Yampa Valley Medical Center (YVMC) complaining that his upper right leg was severely swollen. Laila Powers, M.D., was the attending physician. She ordered blood tests and an ultrasound, but no X-rays. She diagnosed and prescribed medication for a Deep Venous Thrombosis (DVT).

The swelling had not subsided by the time Mr. Hooper returned to Oregon on February 13. When he sought treatment at a Portland hospital, X-rays revealed his right femur was fractured just above the knee. He underwent surgery on February 15 to insert a stabilization rod and hardware, and later underwent two other surgeries to remove some of that hardware. A February 17 ultrasound did not show a DVT.

Relying on diversity jurisdiction under 28 U.S.C. § 1332, Mr. Hooper brought suit against Dr. Powers and YVMC in federal district court in Colorado. He claimed that Dr. Powers was negligent in diagnosing and treating him for a DVT and in failing to diagnose and treat his fractured femur. As relevant to this appeal, the district court denied Mr. Hooper's motion, pursuant to Fed. R. Evid. 706, to appoint an expert witness to assist the court. Further, applying Colorado law, the district court granted summary judgment to the defendants because Mr. Hooper had failed to present expert testimony to establish the applicable standard of care.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the grant of summary judgment de novo. *See Auto-Owners Ins. Co. v. Csaszar*, 893 F.3d 729, 733 (10th Cir. 2018).

2

In contrast, we review the district court's denial of the Rule 706 motion for abuse of discretion. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotation marks omitted).

In this diversity action, the applicable law is that of the forum state, Colorado. *See Auto-Owners Ins. Co.*, 893 F.3d at 734. "In a medical malpractice case, the burden is on the plaintiff to establish a *prima facie* case of negligence." *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). To do that, "the plaintiff must establish that the defendant failed to conform to the standard of care ordinarily possessed and exercised by members of the same school of medicine practiced by the defendant." *Id.* "Unless the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons, the plaintiff must establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony." *Id.* "[M]atters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience. Without expert opinion testimony in such cases, the trier of fact would be left with no standard at all against which to evaluate the defendant's conduct." *Id.*

Mr. Hooper asserted two instances of medical malpractice: (1) the diagnosis of and treatment for DVT, and (2) the failure to diagnose and treat the fractured femur. This appeal focuses on the latter instance, as Mr. Hooper concedes in his

3

reply brief "that the issue of a non-existent DVT may be too complex for the average juror to process." Aplt. Reply Br. at 3. Regarding the fractured femur, Mr. Hooper argues that the failure to diagnose a broken bone is a simple matter that does not require expert testimony. He also argues that the defendants made the issue a factual one—whether his femur was broken on February 8, or later. In that regard, his Rule 706 request was intended to establish that no expert could determine whether the femur was broken on February 8, and therefore no expert testimony was required to establish the date of the injury.

But Mr. Hooper is mistaken in believing that the defendants made his fractured femur a factual issue rather than a legal issue. Whatever they may have suggested during discovery, for purposes of summary judgment the defendants argued that under Colorado law, Mr. Hooper was required to present expert testimony to establish the applicable standard of care. That is a legal argument.

The district court agreed with the defendants that Mr. Hooper required expert testimony to establish the applicable standard of care. So do we. As Mr. Hooper concedes, issues surrounding the existence or non-existence of a DVT are not within the common knowledge of ordinary persons, instead involving technical knowledge and skill. And although the failure to diagnose the fractured femur may be a closer question, we conclude that this issue also requires technical knowledge and skill to determine whether Dr. Powers' actions or inactions fell below the standard of care.

4

*See McGraw v. Kerr*, 128 P. 870, 874 (Colo. App. 1912) (stating, in case involving broken arm, that expert testimony was required).[1]

Because Mr. Hooper failed to offer expert opinion testimony to establish the applicable standard of care, "the trier of fact would be left with no standard at all against which to evaluate the defendant's conduct." *Melville*, 791 P.2d at 387. And that would be true even if the district court had granted the Rule 706 request for appointment of an expert—Mr. Hooper wanted an expert to inform the court that it was impossible to determine when the fracture occurred, not to inform a jury regarding the applicable standard of care. Accordingly, the district court did not abuse its discretion in denying the Rule 706 motion and did not err in granting the defendants' motion for summary judgment.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

---

[1] This is especially true given that Mr. Hooper is paraplegic, which conceivably could affect the standard of care. Mr. Hooper implicitly asserted as much by stating, in response to YVMC's request for a more definite statement, that YVMC "allowed a physician not familiar with spinal cord injuries or associated paraplegia, to examine and render medical treatment to a patient with known paraplegia." R. at 37.